**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

JAMES L. McINTOSH,
an individual,

      Plaintiff,

v.

H GREG COLLISION & SERVICE,
INC., a Florida corporation d/b/a
"HGREG.COM,"

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

      Plaintiff, James L. McIntosh, an individual, sues Defendant, H Greg Collision & Service, Inc., a Florida corporation, doing business as "HGreg.com," and alleges:

## GENERAL ALLEGATIONS

### SYNOPSIS OF PROCEEDING

      1.     This lawsuit involves a used car dealership selling a working man an automobile with a busted odometer without any semblance of compliance with federal and state consumer disclosure requirements.

      2.     The Federal Odometer Act, 49 U.S.C. §32701 ("Odometer Act"), prohibits the disconnection, resetting or alteration of odometers with the intent to change the number of miles indicated thereon.  The law also requires that a written disclosure of the mileage registered on the odometer be provided by the seller to the purchaser on the title to the vehicle when the ownership

1

of the vehicle is transferred.  If the odometer mileage is incorrect, the law requires a statement to that effect the buyer **before** the purchase by the buyer.

3.       Odometer tampering is a significant criminal and consumer fraud issue in the United States.  According to the National Highway Traffic Safety Administration ("NHTSA"), over 450,000 vehicles sold each year have false odometer readings, causing over One Billion Dollars ($1,000,000,000.00) of loss to American car buyers.

4.       In Florida, automobile dealerships are concealing the true mileage of vehicles to purloin profit.  *See*, e.g., *"Car Buyer Cries Fraud After Discovering Odometer Has Been Rolled Back,"* Miami Herald, April 8, 2013 [article concerning aggrieved car purchaser who purchased a vehicle with 56,447 miles from dealership when the actual mileage for the vehicle was 187,677]. According to a 2022 study by Carfax, Florida ranks 4th in the United States for odometer fraud with over 84,000 identified rollbacks and a 12% increase from the prior year.[1]

### *JURISDICTION*

5.       This Court has jurisdiction under the Federal Odometer Act, formerly known as the "Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and 28 U.S.C. § 331 and 1337 and has supplemental jurisdiction over state claims under 28 U.S.C. §1367.

### *ALLEGATIONS AS TO PARTIES*

6.       At all times material hereto, Plaintiff, James L. McIntosh ("Mr. McIntosh"), was *sui juris* and a resident of Broward County, Florida.

7.       At all times material hereto, Defendant, H Greg Collision and Service, Inc.

---

[1] *https://www.carfax.com/press/resources/odometer?partner=RON_A* (last accessed on January 28,2024)

("HGreg" or "Dealership") was a Florida corporation doing business as "HGreg.com" at 8505 N.W. 12th Street, Miami, Florida 33126.

## FACTUAL ALLEGATIONS

### A. *Purchase of Vehicle by Plaintiff*

8.      In September 2022, Mr. McIntosh was in the market for a reliable vehicle for his personal and household use.

9.      Mr. McIntosh found a 2019 Kia Stinger, VIN: KNAE55LCXK6049097 ("Stinger") at the Dealership which seemed to fit his needs.

10.      The Dealership represented that the Stinger had approximately 48,000 miles ("Mileage Representation").

11.      In reliance upon the representations of Defendant, Mr. McIntosh executed various purchase and finance documents ("Purchase and Finance Documents"), including:

- A document entitled "Buyer's Order" – a copy of which is attached hereto as Exhibit "A;" and

- A document entitled "Retail Installment Sale Contract" ("RISC") – a copy of which is attached hereto as Exhibit "B."

12.      Through the Buyer's Order, the Dealership made the following additional representation as to the mileage of the Stinger:

terms of this Order and Agreement.

| Vehicle Description | | | | |
|---|---|---|---|---|
| Year: | Make: | Model: | Mileage: | Vehicle Identification Number: |
| 2019 | KIA | STINGER | 47993 | KNAE55LCXK6049097 |
| New/Used/Demo/Executive: | Color: | Body: | Stock Number: | |
| USED | BLACK | GT2 AWD | 342925 | |

("Second Mileage Representation").

13.     Pursuant to the Purchase and Finance Documents, Mr. McIntosh agreed to make a down payment of Eight Thousand Dollars ($8,000.00) ("Down Payment") and monthly payments of Five Hundred Ninety-Five and 41/100ths Dollars ($595.41) ("Installment Payments").

14.     After executing the Purchase and Finance Documents, Mr. McIntosh paid the Down Payment.

15.     As part of the Purchase and Finance Documents, the Dealership presented Mr. McIntosh with a document entitled "Motor Vehicle Title Reassignment Supplement" ("Reassignment Supplement").

16.     A copy of the Reassignment Supplement is attached hereto as Exhibit "C."

17.     Through the Reassignment Supplement, the Dealership made yet another representation as to the mileage of the Stinger:

ODOMETER DISCLOSURE STATEMENT

WARNING: FEDERAL AND STATE LAW REQUIRE THAT YOU STATE THE ODOMETER MILEAGE IN CONNECTION WITH TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

I/WE STATE THAT THIS ☐ 5 OR ☒ 6 DIGIT ODOMETER NOW READS, ☐4☐7☐,☐9☐9☐3☐XX (NO TENTHS) MILES, DATE READ _09_/_28_/_2022_, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING.

CAUTION:
READ CAREFULLY
BEFORE YOU
CHECK A BOX

☒ 1. REFLECTS ACTUAL MILEAGE
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS
☐ 3. IS NOT THE ACTUAL MILEAGE.  WARNING – ODOMETER DISCREPANCY

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

("Third Mileage Representation")

18.     The Third Mileage Representation provided by the Dealership was under penalty

4

of perjury.

19.     In order to transfer title into the name of Mr. McIntosh, the Dealership presented

Mr. McIntosh with a document entitled "Application for Certificate of Title With/Without

Registration" ("Title Application").

20.     A copy of the Title Application is attached hereto as Exhibit "D."

21.     Through the Title Application, the Dealership made another representation as to the

mileage of the Stinger:

("Fourth Mileage Representation")

22.     Mr. McIntosh relied on the First Mileage Representation, Second Mileage

Representation, Third Mileage Representation and Fourth Mileage Representation (collectively,

"Mileage Representations") when he purchased the Stinger.

23     After making the Downpayment and signing the Purchase and Finance Documents,

Mr. McIntosh left the Dealership with the Stinger in the belief that he had bought reliable

transportation for a fair value.

### B.  Discovery that the Stinger had an Inaccurate Odometer

24.     In late summer 2023, Mr. McIntosh began to investigate the trade-in value of the

Stinger. Towards that end, on Labor Day weekend 2023, Mr. McIntosh brought the Stinger to two separate car dealerships to obtain a trade-in appraisal.

25.     Much to his great shock, both car dealerships informed Mr. McIntosh that the Stinger had a branded "not actual mileage" title.

26.     After returning home, Mr. McIntosh began to investigate the history of the Stinger. Among other things, Mr. McIntosh obtained a Carfax vehicle history report for the Stinger ("Carfax Report").

27.     A copy of the Carfax Report obtained by Mr. McIntosh is attached hereto as Exhibit "E."

28.     After confirming an odometer discrepancy in the Carfax Report, Mr. McIntosh obtained the title history ("Title History") for the Stinger from the Florida Department of Highway Safety and Motor Vehicles ("Florida DMV").

29.     A copy of the Title History received from the Florida DMV is attached hereto as Composite Exhibit "F."

30.     The Title History confirmed that the Stinger had been assigned a "not actual mileage" brand.

31.     The Title History included a Utah title by which the Dealership transferred title to Mr. McIntosh under Utah title number: UT008318020 ("Utah Transfer Title").

32.     A copy of the Utah Transfer Title is attached hereto as Exhibit "G."

33.     The Utah Transfer Title shows that the prior owner of the Stinger had reported an odometer discrepancy and that the mileage reading of the Stinger was "not actual mileage" as of May 16, 2022.

34.     The Dealership knew that the odometer reading on the Stinger did not show the actual mileage of the Stinger when it sold the Stinger to Mr. McIntosh.

35.     Despite the representations that the odometer reading of the Stinger was "actual mileage," the Dealership nonetheless processed an Application for Certificate of Title With/Without Registration ("Fraudulent Title Application") with the Florida DMV that represented the odometer was "not actual."

36.     A copy of the Fraudulent Title Application included in the Title History is attached hereto as Exhibit "H."

37.     Through the Fraudulent Title Application, the Dealership stated that the odometer reading was "*not actual mileage*":

38.     Without the knowledge or consent of Mr. McIntosh, the Fraudulent Title Application was surreptitiously substituted for the Title Application that the Dealership provided to Mr. McIntosh to conceal from Mr. McIntosh that the odometer reading of the Stinger was not accurate.

39.      As a result of the odometer discrepancy, the title to the Stinger has been assigned a "not actual" mileage brand by the Florida DMV.

40.     The Dealership knowingly failed to disclose to Mr. McIntosh that the Stinger was

a vehicle with an inaccurate odometer and misrepresented that the Stinger had 47,993 miles and is subject to punitive damages for its willful and wanton violation of the rights of its customer.

### C. Demand for Retention and Preservation of Records

41.     Through the filing of the instant action, Mr. McIntosh places Defendant on notice that Defendant shall immediately take all steps necessary to identify, retain, and preserve all tangible records and electronically stored information in their possession and control that may be relevant to the claims and defenses in this matter, including the preservation of any website advertisement with respect to the Stinger. The destruction of any relevant data shall be considered spoilation.  *See, Ramabus, Inc. v. Infineon Technologies AG, et al.,* 220 F.R.D. 264 (E.D. Va. March 17, 2004).

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT

42.     This is an action for violation of the Federal Odometer Act, previously known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710, *et seq.,* ("Odometer Act" or "Act").

43.     Mr. McIntosh realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

44.     At all times material hereto, HGreg was a "dealer" as said term is defined under 49 U.S.C. §32702(2).

45.     Pursuant to 49 U.S.C. §32703, a person may not *inter alia*:

- disconnect, reset, alter or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;

- with intent to defraud, operate a motor vehicle on a street, road, or highway

if the person knows that the odometer of the vehicle is disconnected or not operating; or

- conspire to violate 49 U.S.C. §§32703, 32704 or 32705 of the Act.

46.     Pursuant to 49 U.S.C. §32704, a person may service, repair, or replace the odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair, or replacement.  If the mileage registered cannot remain the same -

(1).  a person shall adjust the odometer to read zero; and

(2).  the owner of the vehicle or agent of the owner shall attach written notice to the left door frame of the vehicle specifying the mileage before the service, repair or replacement and the date of service of service, repair or replacement.

47.     By information and belief, the odometer of the Stinger was either tampered with or was replaced without compliance under the Act.

48.     Pursuant to 49 U.S.C. § 32705, a motor vehicle the ownership of which is transferred may not be licensed for use in a state unless the transferee, in submitting an application to the state upon which the license will be issued, includes with the application the transferor's title and, if that title contains a blank space, must disclose the mileage at the time of a future transfer, a statement, signed and dated by the transferor under the Odometer Act.

49.     Pursuant to 49 U.S.C. §32705(2)(A), a transferee may use a written power of attorney for mileage disclosure required under the Odometer Act provided that said disclosure in compliance with the Regulations and state law.

50.     A power of attorney may not be used to allow an individual entity to sign as both buyer and seller in confirming a federal odometer reading. If a power of attorney is used, an

attorney in fact must sign in the name of the attorney in fact.

51.     Defendant has violated the Act in that Defendant made a false statement to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4.  *See, Owens v. Samkle Automotive, Inc.*, 425 F.3d 1318 (11th Cir. 2005).

52.     As a direct and proximate result of the above-described actions, Defendant violated the Act with the intent to defraud.

53.     As a result of the violation of the Act, Defendant is liable to Mr. McIntosh in an amount equal to three times actual damages or $10,000.00, whichever is greater, plus attorney's fees and costs pursuant to 49 U.S.C. §32710.

54.     Mr. McIntosh has retained the undersigned attorney and is obligated to pay said attorney a reasonable fee for his services.

WHEREFORE, Plaintiff, James L. McIntosh, an individual, demands judgment against Defendant, H Greg Collision & Service, Inc., a Florida corporation, doing business as "HGreg.com," for statutory and actual damages, together with attorney's fees and costs pursuant to 49 U.S.C. §32710.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

55.     This is an action for violation of Florida Statute §501.201, *et seq.,* known more commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA"), brought herein pursuant to the doctrine of pendent jurisdiction.

56.     Mr. McIntosh realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

### *General Allegations as to DUTPA*

57.     At all times material hereto, Mr. McIntosh was an "interested party or person" as said term is defined under Fla. Stat. §501.203(6).

58.     By virtue of the acts described above, Defendant was engaged in "trade or commerce" as said terms are defined under Fla. Stat. §501.203(8).

### *Violation of the Florida Motor Vehicle Dealer License Act*

59.     During the course of the sale and financing of the Stinger, Defendant violated the requirements of Fla. Stat Chapter 320, known more commonly as the "Florida Motor Vehicle Licenses Act," in the following respects:

> A.     By misrepresenting or making false, deceptive, or misleading statements with regard to the sale of the Stinger in violation of Fla. Stat. §320.27(b)3; and
>
> B.     By perpetrating any fraud upon Mr. McIntosh in connection with the sale of the Stinger in violation of Fla. Stat. §320.27(9)(b)13.

### *Violation of Florida Title Certificate Act*

60.     Fla. Stat. §319.35 provides in pertinent part that a person may not  knowingly provide false information on the odometer readings required pursuant to ss. 319.23(3) and 320.02(2)(b).

61.     The Dealership knowingly failed to disclose to Mr. McIntosh that the Stinger had an inaccurate odometer.

62.     The violation of the Florida Title Certificate Act is a *per se* violation of the DUTPA

under Fla. Stat. §501.211(3)(c).

### *Violation of DUTPA as to Auto Dealerships*

63.     At all times material hereto, Mr. McIntosh was a "customer" as said term is defined under Fla. Stat. §501.975(1).

64.     At all times material hereto, HGreg was a "dealer" as said term is defined under Fla. Stat. §501.975(2).

65.     At all times material hereto, the Stinger was a "vehicle" as defined under Fla. Stat. §501.975(5).

66.     During the course of the sale and financing of the Stinger, the Dealership violated the requirements of the DUTPA by:

(a).     representing the previous usage or status of the Stinger to be something that it was not, or made usage or status representations unless Defendant had correct information regarding the history of the Stinger to support the representations, in contravention of Fla. Stat. §501.976(3); and

(b).     provided an express or implied warranty and fail to honor such warranty unless properly disclaimed pursuant to subsection Fla. Stat. §501.976(6).

                    *                    *                    *

67.     As more particularly described above, Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. §501.204(1).

68.     Pursuant to Fla. Stat. §501.211, Mr. McIntosh is entitled to obtain a declaratory judgment that the acts and practices of Defendant under the DUTPA and to enjoin Defendant from

further violations of the DUTPA.

69.     It is in the interest of the protection of consumers that the Defendants be prohibited and proscribed from further violations of the DUTPA as described above.

70.     As a direct and proximate result of the violation of the DUTPA, Mr. McIntosh has been damaged and is an aggrieved person. The actual and economic damages of Mr. McIntosh include but are not limited to the diminution in value of the Stinger as a result of it having an inaccurate odometer and branded title.

71.     Mr. McIntosh has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, James L. McIntosh, an individual, demands judgment against Defendant, H Greg Collision & Service, Inc., a Florida corporation, doing business as "HGreg.com," for:

A.     Compensatory damages;

B.     Declaratory relief against Defendant adjudicating that the actions of Defendant described above constitute violations of the DUTPA;

C.     Injunctive relief against Defendant proscribing Defendant from further violations of the DUTPA as described herein; and

D.     Attorney's fees and court costs pursuant to Fla. Stat. §501.2105.

## COUNT III - ACTION FOR FRAUD

72.     This is an action for fraud brought pursuant to the doctrine of pendent jurisdiction.

73.     Mr. McIntosh realleges and reaffirms the allegations contained in Paragraph 1 through 41 above as if set forth hereat in full.

74.     As more fully described above, Defendant misrepresented material facts concerning the history, mileage and title of the Stinger.

75.     Defendant knew that the representations set forth above were false or made such representations recklessly, and Defendant had no reasonable grounds for believing those representations to be true.

76.     Defendant knew that the above representations and omissions concerning the purchase of the Stinger were material and important.

77.     Defendant intended to deceive Mr. McIntosh, who relied upon the misrepresentations and omission to his detriment.

78.     As a direct and proximate result of the fraud and non-disclosures by Defendants the actual and economic damages of Mr. McIntosh include but are not limited to the diminution in value of the Stinger as a result of it having an inaccurate odometer and branded title.

WHEREFORE, Plaintiff, James L. McIntosh, an individual, demands judgment for actual and punitive damages against Defendant, H Greg Collision & Service, Inc., a Florida corporation, doing business as "HGreg.com," together with interest and costs.

## COUNT IV - ACTION FOR NEGLIGENT MISREPRESENTATION

79.     This is an action for negligent misrepresentation brought pursuant to the doctrine of pendent jurisdiction.

80.     Mr. McIntosh realleges and reaffirms the allegations contained in Paragraph 1 through 41 above as if set forth hereat in full.

81.     As described above, Defendant misrepresented and failed to disclose material facts concerning the history, mileage and title of the Stinger.

82.     Defendant believed the above statements to be true and to be complete but which were in fact false and incomplete.

83.     Defendant was negligent in making the statements and omissions concerning the history, mileage and condition of the Stinger.  Defendant should have known that the statements were false.

84.     Defendant, in making the statements concerning the sale of the Stinger, intended that Mr. McIntosh rely upon said statements.

85.     As a direct and proximate result of the negligent misrepresentations of the Defendant, the actual and economic damages of Mr. McIntosh include but are not limited to the diminution in value of the Stinger as a result of it having an inaccurate odometer and branded title.

WHEREFORE, Plaintiff, James L. McIntosh, an individual, demands judgment for actual and punitive damages against Defendant, H Greg Collision & Service, Inc., a Florida corporation, doing business as "HGreg.com," together with interest and costs.

## COUNT V- ACTION FOR FRAUDULENT INDUCEMENT

86.     This is an action for fraudulent inducement brought pursuant to the doctrine of pendent jurisdiction.

87.     Mr. McIntosh realleges and reaffirms the allegations contained in Paragraph 1 through 41 above as if set forth hereat in full.

88.     As more particularly described above, Defendant induced Mr. McIntosh into signing the Purchase and Finance Documents by knowingly making misrepresentations of material fact and omitting material facts with the intent that Mr. McIntosh rely on them to his detriment.

89.     Defendant's misrepresentations of material fact and omissions of material fact were

made and omitted with the intent that Mr. McIntosh rely on them or be deceived by them to his detriment.

90.     Mr. McIntosh justifiably relied upon the misrepresentations to his detriment and further, had Mr. McIntosh been advised of the truth, Mr. McIntosh would not have entered into the Buyer's Order.

91.     As a result of the fraud and deceit by Defendants the actual and economic damages of Mr. McIntosh include but are not limited to the diminution in value of the Stinger as a result of it having an inaccurate odometer and branded title.

WHEREFORE, Plaintiff, James L. McIntosh, an individual, demands judgment for actual and punitive damages against Defendant, H Greg Collision & Service, Inc., a Florida corporation, doing business as "HGreg.com," together with interest and costs.

## COUNT VI- ACTION FOR BREACH OF EXPRESS WARRANTIES

92.     This is an action for breach of express warranty brought pursuant to the doctrine of pendent jurisdiction.

93.     Mr. McIntosh realleges and reaffirms the allegations contained in Paragraph 1 through 41 above as if set forth hereat in full.

94.     From the various statements by the Dealership, the Dealership made express warranties pursuant to Fla. Stat. §672.313, the Uniform Commercial Code ("UCC") by both affirmation of fact or promise and by description of goods that the Stinger had a mileage of 47,993 ("Express Mileage Warranty") and had an unbranded title ("Title Warranty").

95.     As shown by the title records and other evidence, the Dealership has breached the Express Mileage Warranty.

96.     As a direct and proximate result of the breach of the Express Mileage Warranty, Mr. McIntosh has been damaged.  The actual and economic damages of Mr. McIntosh include but are not necessarily limited to the diminution in value of the Stinger as a result of it having an inaccurate odometer and branded title.

97.     Mr. McIntosh has performed all conditions precedent to the filing of the instant action.

WHEREFORE, Plaintiff, James L. McIntosh, an individual, demands judgment for damages against Defendant, H Greg Collision & Service, Inc., a Florida corporation, doing business as "HGreg.com," together with interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff, James L. McIntosh, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

*/s/Robert W. Murphy*
Robert W. Murphy
Florida Bar No. 717223
440 Premier Circle, Suite 240
Charlottesville, VA 22901
T: (434) 328-3100
F: (434) 328-3101
rwmurphy@lawfirmmurphy.com